**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12492

Non-Argument Calendar

_____

ZOZO INVESTMENTS LLC,

BERTIE & NEEKA LLC,

Foreign Limited Liability Companies,

Plaintiffs-Appellants,

versus

FIRST COMMUNITY INSURANCE COMPANY,

a Florida corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cv-00939-JLB-KCD

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Zozo Investments LLC and Bertie & Neeka LLC (together, "Zozo") own a property in Fort Myers Beach, Florida. The property was insured under the federal government's National Flood Insurance Program and carried by First Community Insurance Company (First Community).

After Zozo's property sustained flood damage from Hurricane Ian, Zozo submitted a claim to First Community. First Community initially issued Zozo a check for the damages but, a few months later, stopped payment and withdrew the funds from Zozo's account. On March 13, 2023, First Community mailed Zozo a letter denying its claim. Zozo subsequently sent First Community a sworn proof of loss to appeal the denial. On October 19, 2023, First Community mailed Zozo a second letter denying its claim. On October 4, 2024, less than a year after the second denial letter, but more than a year after the first, Zozo filed suit in federal district court to challenge First Community's denial of its claim.

The question is whether Zozo's suit is time-barred by 42 U.S.C. § 4072. Under Section 4072, claimants have the right to challenge the denial of "any claims for proved and approved losses" within one year after notice of the denial is mailed. 42 U.S.C. § 4072. The answer hinges on whether Zozo's loss was "proved" under Section 4072 at the time First Community mailed the *first* denial letter, before Zozo submitted its sworn proof of loss. If so, then Zozo's suit is time-barred because more than a year would have elapsed between First Community's denial and the filing of Zozo's complaint. If, however, a sworn proof of loss is required

for a loss to be "proved" under Section 4072, then the statute of limitations was triggered only when First Community mailed its *second* denial letter, so Zozo's suit can proceed.

The district court adopted the first theory:  Zozo's loss was "proved" without a sworn proof of loss, so its suit is barred by Section 4072.  The court dismissed Zozo's suit with prejudice.  After careful consideration, we **AFFIRM**.

## I

### A

"Congress enacted the National Flood Insurance Act of 1968" (NFIA), "which authorized the establishment of the National Flood Insurance Program" (NFIP).  *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1316 n.1 (11th Cir. 2003).  The NFIP "is managed by the Federal Emergency Management Agency" (FEMA).  *Id.*  The NFIP provides Standard Flood Insurance Policies (SFIPs) to property owners.  FEMA uses private insurers—like First Community—to issue SFIPs and to process SFIP claims on FEMA's behalf, under terms and conditions controlled the NFIA and its corresponding regulations.  *See id.*  The claims are paid out of the U.S. Treasury.  *Id.*

The NFIA grants FEMA the authority to "adjust" and "disallow[]" "any claims for *proved and approved losses* covered by flood insurance."  42 U.S.C. § 4072 (emphasis added).  Further, "upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing of notice*

*of disallowance or partial disallowance* by the Administrator, may institute an action against the Administrator on such claim in the United States district court." *Id.* (emphasis added).

SFIP regulations mirror the NFIA's one-year statute of limitations. For SFIP policyholders, claimants are permitted to sue in federal district court only "within one year after the written denial of all or part of the claim." 44 C.F.R. § 61, App. A(2), Art. VII(O) (2021).

Normally, this is (relatively) straightforward. The SFIP policyholder must submit, within 60 days of the damage, a sworn "proof of loss" with a description of the loss, his interest in the damaged property, and detailed repair estimates, among other information. *Id.* § 61, App. A(2), Art. VII(G)(4). The insurer will also hire an insurance adjuster to investigate the claim, and, at the insurer's "option," may choose to accept the adjuster's report instead of the policyholder's sworn proof of loss to corroborate the claim. *Id.* § 61, App. A(2), Art. VII(G)(7–9). With the sworn proof of loss (or the adjuster's report, if it so chooses), the insurer accepts or denies the claim. If the insurer denies the claim, then the policyholder has one year to bring suit in federal court. *Id.* § 61, App. A(2), Art. VII(O); 42 U.S.C. § 4072.

FEMA has occasionally modified these procedures in response to catastrophic hurricanes. After Hurricane Ian, FEMA issued an emergency bulletin that required private insurers to accept their adjuster's report instead of requiring a signed proof of loss. FEMA, Bulletin No. W-22012, Memorandum Re: Hurricane Ian

Claims     Payment     Process     (Oct.     6,     2022),
https://agents.floodsmart.gov/sites/default/files/bulletins/W-
22012/w-22012.pdf.  "NFIP insurers must exercise the option to ac-
cept their adjuster's report to evaluate and pay a claim *instead of a
signed proof of loss.*"  *Id.* at 1 (emphasis added).  If a policyholder
"disagree[d] with the adjuster's report," however, he "may still sub-
mit a signed proof of loss" with supporting documentation.  *Id.* at
2.

## B

First Community carried an SFIP that insured Zozo's prop-
erty at the time of Hurricane Ian.[1]  When Zozo's property was
damaged, Zozo submitted a claim to First Community without a
sworn proof of loss in accordance with the emergency bulletin.
First Community initially issued Zozo a check for $500,000, the full
coverage under the policy.  After Zozo deposited the check, First
Community abruptly stopped payment and withdrew the funds
from Zozo's account in January 2023.  On March 13, 2023, First
Community issued its first letter denying coverage.  First Commu-
nity gave as its reason for denial that a different insurance com-
pany, Citizens Property Insurance Corporation, had already paid
Zozo an amount exceeding the pre-loss valuation of the property
under the SFIP.

---

[1] We recite the facts as pleaded by Zozo because, at the motion-to-dismiss
stage of the proceedings, we "accept[] the allegations in the complaint as true
and constru[e] them in the light most favorable to the plaintiff." *Ironworkers
Loc. Union 68 v. AstraZeneca Pharms., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).

In September 2023, Zozo filed a "Civil Remedy Notice of Insurer Violations" with the Florida Department of Financial Services, alleging numerous statutory violations for First Community's rescission of the claim payment. First Community then requested that Zozo submit a sworn proof loss, which it did on October 6, 2023.

On October 19, 2023, First Community mailed a second letter denying Zozo's claim on the ground that Zozo's sworn proof of loss lacked "proper documentation evidence of damaged items" as required by the SFIP.

On October 4, 2024, more than a year after the first denial letter but within a year of the second denial letter, Zozo filed suit in federal district court.

First Community moved to dismiss, arguing that more than year had elapsed since it mailed the first denial letter, so Zozo's action was time-barred by Section 4072. Zozo opposed the motion on the ground that the clock started running only after its claim was "proved" by a sworn proof of loss, at the time First Community mailed the second denial letter, so Zozo's action wasn't time-barred. The district court agreed with First Community and granted its motion to dismiss with prejudice. This is Zozo's appeal.

## II

"We review *de novo* the district court's grant of a motion to dismiss . . . accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Ironworkers Loc. Union 68 v. AstraZeneca Pharms., LP*, 634 F.3d 1352, 1359

(11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)).

This case hinges on a single question:  When does Section 4072's one-year statute of limitations begin to run?  Zozo urges that the clock begins to run only when the insurer rules on a sworn proof of loss.  Only then, according to Zozo, is a claim "proved" under Section 4072.  Not so.

Even in ordinary circumstances, SFIP regulations don't necessarily require insurers to consider a sworn proof of loss.  The insurer may choose, at its "option," to accept the adjuster's report in place of the policyholder's sworn proof of loss.  44 C.F.R. § 61, App. A(2), Art. VII(G)(9).  Thus, a claim can be proved without a sworn proof of loss.  The emergency bulletin merely expanded the number of claims that can be proved without a sworn proof of loss by requiring insurers "to accept their adjuster's report to evaluate and pay a claim instead of a signed proof of loss."  FEMA, Bulletin No. W-22012, *supra*, at 1.  The bulletin therefore made clear that Hurricane Ian-related claims can and must be "proved" *without* a sworn proof of loss.

This understanding is confirmed by the text of Section 4072.  The statute authorizes FEMA to "adjust" and "disallow[]" "any claims for proved *and approved* losses covered by flood insurance."  42 U.S.C. § 4072 (emphasis added).  Read in context, losses must not only be "proved" but also "approved."  And Zozo's claim was never approved after Zozo submitted the sworn proof of loss.  The statutory scheme makes sense only if the adjuster's report qualified

as proof, such that Zozo's claim was "proved and approved" (leading to the initial $500,000 disbursement) before it was then "disallow[ed]" as contemplated by Section 4072.

Zozo argues that "the policyholder has neither the right nor the need to file suit" before submission of a sworn proof of loss. Br. of Appellant at 14. But this is incorrect. In cases where the insurer accepts the adjuster's report, either by choice under the SFIP or as required by the emergency bulletin, no statute or regulation deems the "filing of a proof of loss as a strict requirement and condition precedent to maintaining an action on the policy." *Id.* The emergency bulletin permits policyholders to "submit a signed proof of loss when they disagree with the *adjuster's report*," but that has nothing to do with the *insurer*'s denial. FEMA, Bulletin No. W-22012, *supra*, at 1 (emphasis added). Zozo therefore had both the right and the obligation to file suit within a year after receiving its first denial letter.

Zozo instead filed a "Civil Remedy Notice of Insurer Violations" after receiving its first denial letter, which led First Community to request from Zozo a sworn proof of loss. But that procedural detour didn't relieve Zozo from the obligation to follow the strictures of Section 4072. Far from being a "procedural catch-22" as Zozo contends, Br. of Appellant at 21, the emergency bulletin meant that Zozo simply didn't need to file a sworn proof of loss with First Community before going to court, much less complain to the Florida Department of Financial Services to pressure First Community to allow it to do so.

25-12492              Opinion of the Court                    9

Zozo relies on *Qader v. Federal Emergency Management Agency*, 543 F. Supp. 2d 558, 562 (E.D. La. 2008), as support for its argument that the denial of a sworn proof of loss starts the statutory clock. Besides *Qader* being a district court decision from the Fifth Circuit, the Fifth Circuit has also rejected *Qader* in *McInnis v. Liberty Mutual Fire Insurance Co.*, No. 22-30022, 2022 WL 4594609 (5th Cir. Sept. 30, 2022), reasoning that "Section 4072 does not mention a proof of loss, much less require the disallowance of one," *id.* at *2.  And though a couple of district courts in Florida have relied on *Qader, see, e.g.*, *W. End Harbor Condo. Ass'n v. Wright Nat'l Flood Ins. Co.*, No. 5:20-cv-00303-TKW-MJF, 2022 WL 18936050 (N.D. Fla. July 18, 2022); *Hampson v. Wright Nat'l Flood Ins. Co.*, No. 4:19-cv-10083-KMM (S.D. Fla. Sept. 23, 2020), those cases all pre-date *McInnis*. Zozo doesn't dispute that since *McInnis*, district courts within our circuit have not followed *Qader*.  Zozo's reliance on *Qader*, an out-dated district-court decision from a different circuit, is thus misplaced.

The district court's dismissal of the case with prejudice is **AFFIRMED.**